UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. CR-23-192-G |
| | ) |
| JIU BING LIN, | ) |
|    a/k/a Jack Lin, | ) |
| | ) |
|    Defendant. | ) |

## **ORDER**

Now before the Court is Defendant Jiu Bing Lin's Motion for Transfer of Proceeding (Doc. No. 98), requesting a transfer of this matter for trial to a neighboring federal district court pursuant to Rule 21(a) of the Federal Rules of Criminal Procedure. The Government has submitted a Response (Doc. No. 112), opposing such a transfer of venue.[1] Having reviewed the relevant filings and considered the parties' arguments, the Court, as announced at the pretrial conference held on November 22, 2024, denies Defendant's Motion.

*I.    Relevant Background*

On October 13, 2023, a federal grand jury returned a ten-count Superseding Indictment, charging Defendant with drug conspiracy in violation of 21 U.S.C. § 846 (Count 1), money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count 2), four counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 3-6),

---

[1] The Government's Response correctly notes that the instant Motion was filed untimely and without leave of Court. *See* Gov't's Resp. at 2 n.1; LCrR 12.1. Nevertheless, the Court will consider Defendant's Motion as though timely filed.

and four counts of conducting monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957 (Counts 7-10). *See* Superseding Indictment (Doc. No. 35). As relevant to the instant Motion, the Government alleges that Defendant was engaged in the operation of black-market marijuana farms in rural Oklahoma. Specifically, the Government charges that Defendant oversaw the cultivation and manufacture of marijuana in Oklahoma in a manner violative of Oklahoma laws or regulations and, further, the distribution of that marijuana in the Western District of Oklahoma and several other states. *See id.* at 1-2. The Government also alleges that Defendant used various money laundering tactics to conceal the nature and origin of criminal proceeds from his illegal marijuana operation and his ownership of and association with the marijuana farms identified in the Superseding Indictment. *See id.* at 2-8.

Defendant represents that he is a Chinese immigrant who came to the United States in 1998, was granted political asylum in 2006, and became a United States citizen in 2012. *See* Def.'s Mot. at 6. Citing news articles reporting on the prosecutions of Chinese nationals and immigrants engaged in black-market marijuana operations in Oklahoma and statements from political officials critical of the purchase of Oklahoma land for marijuana cultivation by Chinese nationals, Defendant argues that fear and prejudice have "infiltrated community airwaves," "creating a toxic environment for any person of Chinese descent seeking a fair trial." *Id.* at 5; *see* Def.'s Ex. 1 (Doc. No. 123). Accordingly, Defendant requests transfer of this case to a neighboring federal district court. *See* Def.'s Mot. at 8.

II.   *Applicable Legal Standards*

The United States Constitution provides that a criminal trial is to occur in the state

where the crime has been committed. *See* U.S. Const. art. III, § 2, cl. 3. The Sixth Amendment also provides that the accused has a right to a trial "by an impartial jury of the State and district wherein the crime shall have been committed." *Id.* amend. VI. "The Constitution's place-of-trial prescriptions, however, do not impede transfer of the proceeding to a different district at the defendant's request if extraordinary local prejudice will prevent a fair trial—a 'basic requirement of due process.'" *Skilling v. United States*, 561 U.S. 358, 378 (2010) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)).

Rule 21 of the Federal Rules of Criminal Procedure governs transfer of venue and provides that "[u]pon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). Where, as here, a defendant seeks a transfer of venue based on presumed prejudice due to pretrial publicity, "the defendant bears the burden of establishing that prejudice should be presumed." *United States v. McVeigh*, 153 F.3d 1166, 1181 (10th Cir. 1998) (alteration and internal quotation marks omitted).

"[T]he bar facing the defendant wishing to prove presumed prejudice from pretrial publicity is extremely high." *Id.* at 1182. "[T]o reach a presumption that inflammatory pretrial publicity so permeated the community as to render impossible the seating of an impartial jury, the court must find that the publicity in essence displaced the judicial process, thereby denying the defendant his constitutional right to a fair trial." *Id.* at 1181. Thus, "the claim of presumed prejudice is rarely invoked and only in extreme situations."

3

*Id.* (internal quotation marks omitted).

### III. Discussion

Defendant argues that negative media coverage and political commentary regarding the cultivation of marijuana in Oklahoma by Chinese nationals and immigrants is so pervasive that he cannot obtain a fair trial by an impartial jury in any federal district court in the State of Oklahoma. *See* Def.'s Mot. at 6-8. In support of his argument, Defendant has provided the Court with several news articles reporting on the prosecution of other Chinese immigrants involved in illegal marijuana operations in the state, two articles from the Southwest Ledger reporting on Defendant's case, and one article from the Daily Oklahoman that mentions Defendant's prosecution. *See* Def.'s Ex. 1; Def.'s Suppl. (Doc. No. 127). Defendant has also provided the Court with the statements of political officials expressing opposition to the Chinese communist party and concern regarding reports of Chinese nationals and criminal organizations cultivating marijuana on United States farmland. *See* Def.'s Ex. 1.

The Court finds that the reporting and commentary cited by Defendant about the general phenomenon of Chinese immigrants buying Oklahoma farmland for the cultivation of marijuana, and about some of those individuals illegally trafficking marijuana, are not sufficient—in volume, type, or content—to support a presumption of a broad current of prejudice that would sweep Defendant within its wake. *See Skilling*, 561 U.S. at 384 n.17 (alteration and internal quotation marks omitted) ("[w]hen publicity is about the event, rather than directed at individual defendants, this may lessen any prejudicial impact"). The fact that other black-market marijuana cases involving Chinese immigrants have been the

subject of a few news reports does not, by itself, support a prejudice against Chinese immigrants engaged in marijuana farming that is sufficiently widely held in the Western District of Oklahoma that it would render impossible the seating of an impartial jury.

Additionally, the three news articles reporting on the instant prosecution are not sufficient to support a presumption of specific prejudice against Defendant. *See id.* at 382 (discussing news stories containing a "confession or other blatantly prejudicial information of the types readers or viewers could not reasonably be expected to shut from sight"); *see also Gardner v. Galetka*, 568 F.3d 862, 889 (10th Cir. 2009) ("If we were to require the relocation of every trial following a crime about which multiple stories were broadcast or published, the local trial of newsworthy cases would become the exception rather than the rule."). As was found in another case, and appears to the Court to be true in this instance, "[i]t is likely that not a single member of the venire will ever have heard of [Defendant], much less have formed an opinion of his guilt." *United States v. GossJankowski*, No. CR-21-0123, 2023 WL 395985, at *6 (D.D.C. Jan. 25, 2023) (internal quotation marks omitted) (finding that a transfer of venue was not warranted despite extensive news coverage of the event giving rise to the defendant's criminal charges). Based on the information presented, the Court concludes that Defendant has not provided evidence sufficient to support a presumption that inflammatory pretrial publicity about Defendant has so permeated the community as to render impossible the seating of an impartial jury.[2]

The Court acknowledges, however, that "[w]here there is the possibility or

---

[2] To the extent that Defendant argues that a general anti-Chinese sentiment among people in Oklahoma prevents him from receiving a fair trial in the Western District of Oklahoma, this Court finds that Defendant has not presented adequate evidence to support that such a pervasive bias exists within the jury pool, let alone has so tainted the jury pool as to render

likelihood that potential jurors have been exposed to prejudicial publicity, they must be questioned with special care so as to insure that such publicity did not result in bias." *United States v. Whitt*, 718 F.2d 1494, 1497 (10th Cir. 1983). The Government represents that it "does not oppose additional questions during voir dire to ensure Defendant receives a fair trial." Gov't's Resp. at 5. Accordingly, during voir dire, the Court will question each potential juror regarding exposure to pretrial publicity relating to Defendant's case. The parties have been permitted to propose questions to be asked relating to pretrial publicity and bias. The Court finds voir dire to be an adequate tool to identify and remove any biased jurors and ensure that Defendant's right to a fair trial is protected.

## CONCLUSION

For the reasons explained above, Defendant Jiu Bing Lin's Motion for Transfer of Proceeding (Doc. No. 98) is DENIED.

IT IS SO ORDERED this 2nd day of December, 2024.

*[signature]*

CHARLES B. GOODWIN
United States District Judge

---

a fair trial impossible in this district. Voir dire of potential jurors regarding the existence of any bias against person of Chinese descent will be sufficient to protect Defendant's right to a fair trial in this matter. *See Pena-Rodriguez v. Colorado*, 580 U.S. 206, 209 (2017).