# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-23-192-G ) |
| JIU BING LIN,<br>  a/k/a Jack Lin, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Now before the Court is the Government's Motion in Limine (Doc. No. 92), requesting that the Court: (1) find that Defendant breached his plea agreement with the United States; and (2) admit into evidence redacted versions of the plea agreement and plea petition. Defendant has submitted a Response (Doc. No. 104) in opposition, arguing that admission of the plea documents and statements made by Defendant therein is prohibited under Federal Rule of Evidence 410 and that the probative value of any such evidence is outweighed by its unfair prejudice, making it inadmissible under Federal Rule of Evidence 403. On November 22, 2024, the Court held an evidentiary hearing on this issue. Defendant did not testify at that hearing; however, Defendant subsequently requested that he be permitted to testify, citing his "misinterpretation" of the Court's advisement regarding the right not to testify. *See* Def.'s Notice Concerning Test. (Doc. No. 156) at 1. The Court heard Defendant's relevant testimony at the pretrial conference held on December 4, 2024.

*I. Background*

On May 3, 2023, a federal grand jury returned a one-count Indictment for drug conspiracy against Defendant. *See* Doc. No. 22. The federal grand jury then returned a ten-count Superseding Indictment (Doc. No. 35) against Defendant on October 17, 2023. The charges stated in the Superseding Indictment are as follows: (1) Drug Conspiracy in violation of 21 U.S.C. § 846; (2) Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h); (3-6) Laundering of Monetary Instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (7-10) Monetary Transaction in Criminally Derived Property in violation of 18 U.S.C. § 1957.

Defendant immigrated to the United States from China and primarily speaks the Fu Zhou dialect of Mandarin. He requires an interpreter to communicate with persons speaking English.

On April 29, 2024, Defendant, with the help of his then-counsel Scott M. Anderson and G. Derek Chance, and interpreter Mary Liu, completed a Plea Petition and a Plea Agreement with the United States. In these plea documents, both of which bear his signature, Defendant stated that he would plead guilty to a superseding information charging him with two counts of maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(2). The Plea Agreement contains an express waiver of Rule 410's bar against admission at trial of statements made during plea negotiations.

The Government provided the signed Plea Petition and Plea Agreement to the Court. Defendant ultimately did not plead guilty at the waive and file hearing set for June 28, 2024. *See* Doc. No. 78. Since then, Attorneys Anderson and Chance have withdrawn as counsel, and Brett Behenna has entered his appearance for Defendant.

*II. Discussion*

Pursuant to Federal Rule of Evidence 410, evidence of a withdrawn guilty plea and statements made by a defendant relevant to that plea are inadmissible at a later trial. *See* Fed. R. Evid. 410(a). That protection can be waived. The Supreme Court has held that "absent some affirmative indication that [a plea] agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of [Rule 410] is valid and enforceable." *United States v. Mezzanatto,* 513 U.S. 196, 210 (1995). Defendant bears the burden of showing that his entering into the plea agreement was not knowing or voluntary in order to render his waiver of Rule 410's exclusionary provisions ineffective. *See United States v. Jim*, 786 F.3d 802, 810-11 (10th Cir. 2015).[1]

Here, the Government argues that Defendant breached the Plea Agreement, triggering that agreement's express provision waiving the Rule 410 protections against admission of plea negotiations. Defendant responds that the Court should not enforce the waiver in the Plea Agreement because Defendant did not knowingly and voluntarily enter into the Plea Agreement (or for that matter the Plea Petition). Defendant further argues that the plea documents are inadmissible under Federal Rule of Evidence 403 due to the risk of unfair prejudice.

At the November 22, 2024 hearing, Ms. Liu—the interpreter used by Defendant's former counsel—testified that while she cannot remember many specific details of what was discussed, she attended long meetings between Defendant and Attorneys Anderson and Chance and diligently translated for Defendant the words spoken by counsel and

---

[1] A Rule 410 waiver included in the plea agreement is only enforceable if the plea agreement is enforceable. *See U.S. v. Mitchell*, 633 F.3d 997, 1001 (10th Cir. 2011).

3

translated for counsel the words spoken by Defendant.  Ms. Liu did not recall a specific discussion of the provision in the Plea Agreement waiving protections against admissibility of plea negotiations.  Ms. Liu testified that some time after the meeting in which a plea agreement was discussed, Defendant called her and said he had changed his mind.

Mr. Anderson—Defendant's former attorney—testified at the November 22, 2024 hearing that during his meetings with Defendant, he always used an interpreter and relied on that interpreter to translate what was said.  He testified that, in a specific, lengthy meeting with Defendant, Mr. Anderson explained the provisions of the Plea Agreement.  In that meeting, Mr. Anderson also asked Defendant each of the questions in the Plea Petition and handwrote Defendant's answers.  Defendant then signed both the Plea Agreement and the Plea Petition.  Mr. Anderson testified that, while he does not speak Mandarin, it appeared to him from his observations that Ms. Liu was directly translating what was said and that Defendant understood.  Mr. Anderson testified that Defendant did not ask questions, or otherwise make statements, indicating that he did not understand the contents of the plea documents.

At the December 4, 2024 pretrial conference,[2] Defendant testified that he signed the plea documents[3] at the direction of his counsel and without knowing what they were.  Defendant stated that, as someone who lives in the United States but does not speak

---

[2] During his testimony, Defendant stated that it was only after the November 22, 2024 hearing that he decided to testify as to the issue of admission of the plea documents.  That is different than the representation of a "misinterpretation" communicated by Defendant, through his counsel, to the Court.

[3] Defendant at one point during his testimony suggested that he might not have signed the Plea Petition but at a later point agreed that he had signed that document.

4

English, he frequently signs documents that he cannot read. Defendant testified that he was aware that plea negotiations were underway, but did not realize that he was entering into a binding agreement to enter a guilty plea or waiving any protection against the admissibility of plea negotiations.

Based upon the testimony and evidence presented, the Court finds that Defendant has not presented evidence sufficient to meet the burden of showing that he did not knowingly or voluntarily enter into the Plea Agreement. Accordingly, the Court finds that the Plea Agreement is enforceable and, thus, the Rule 410 waiver set forth therein is binding on Defendant.

Despite that finding, the Court will not allow evidence of the Plea Agreement and Plea Petition, or statements made therein or during the course of plea negotiations, to be admitted into evidence at trial. The Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. The charges that were the subject of the Plea Agreement and Plea Petition (and its narrative statement) are not the charges Defendant faces at trial. The superseding information referenced in the Plea Agreement would have charged Defendant with two counts of maintaining drug-involved premises, in violation of 21 U.S.C. § 856(a)(2). *See* Gov't's Ex. 1 (Doc. No. 92). While the factual basis for maintaining a drug-involved premises overlaps to some extent with what is required to prove drug conspiracy in violation of 21 U.S.C. § 846, and perhaps other charges at issue in the Superseding Indictment, the probative value of the admission to guilt to one crime is not as great as it would be for an admission of guilt to the same crime. Looking to the overlapping facts, what is most relevant from the plea documents is the narrative description of the crimes to which

Defendant was pleading guilty as set forth, in particular, in the Plea Petition. But, although the Court has found that the Plea Agreement and Plea Petition were knowingly approved and signed by Defendant, there remains some uncertainty as to whether Defendant fully understood that narrative statement. This uncertainty further lessens the probative value of the contemplated evidence. The Court concludes that the probative value of the evidence of the Plea Agreement and Plea Petition, and the statements made therein or during the course of plea negotiations, is substantially outweighed by the unfair prejudice to Defendant under these circumstances.

## CONCLUSION

Accordingly, the Court DENIES the Government's Motion in Limine (Doc. No. 92).

IT IS SO ORDERED this 8th day of December, 2024.

_____
CHARLES B. GOODWIN
United States District Judge