UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CR-23-192-G |
| | ) |
| JIU BING LIN, | ) |
|    a/k/a Jack Lin, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Now before the Court are the Government's Motion in Limine to Exclude Mention of Particular Suspicious Activity Reports (Doc. No. 100) and Defendant's Motion for Discovery (Doc. No. 126).

In its Motion in Limine, the Government seeks an in-limine ruling precluding Defendant from referring to Suspicious Activity Reports ("SARs") regarding Defendant Jiu Bing Lin or any other person. Defendant has filed a Response (Doc. No. 103) and a Supplemental Response (Doc. No. 126).

In his Motion for Discovery, submitted in combination with his Supplemental Response to the Motion in Limine, Defendant requests that the Court compel the Government to produce to Defendant certain SARs and associated information or, alternatively, conduct an in camera review to determine whether any such documents or information should be produced. The Government has filed a Response (Doc. No. 144).

*I.     Background*

The federal grand jury returned a ten-count Superseding Indictment (Doc. No. 35) against Defendant on October 17, 2023. The charges stated in the Superseding Indictment

are as follows: (1) Drug Conspiracy in violation of 21 U.S.C. § 846; (2) Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h); (3-6) Laundering of Monetary Instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (7-10) Monetary Transaction in Criminally Derived Property in violation of 18 U.S.C. § 1957.

As authorized by the Bank Secrecy Act of 1970, 31 U.S.C. §§ 5311 et seq., the Secretary of the Treasury requires financial institutions "to report any suspicious transaction relevant to a possible violation of law or regulation." *Id.* § 5318(g)(1); *see* 12 C.F.R. § 21.11(a), (c). These suspicious activity reports, or "SARs," are to be kept confidential and may only be disclosed to the public or the person involved in the transaction in limited circumstances. *See* 31 U.S.C. § 5318(g)(2)(A)(ii) (permitting disclosure by an "officer or employee of . . . the Federal Government . . . to any person involved in the transaction" only "as necessary to fulfill the official duties of such officer or employee"); 12 C.F.R. § 21.11(k)(1), (2).

II.    *Defendant's Motion for Discovery*

The parties generally agree that the Government's disclosure and discovery obligations to a defendant in a criminal matter may require production of a SAR notwithstanding the need for confidentiality that otherwise applies. The Government's counsel, however, represents that the Government is unaware of (1) "*any* material related to the contents, existence, or non-existence of a SAR that requires disclosure under *Brady* or *Giglio*"[1] or (2) "any material related to the contents, existence, or non-existence of a

---

[1] *See Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

2

SAR which falls under Rule 16 or *Jencks*." Gov't's Resp. at 7.[2]  Further, the Government's counsel agree that if they learn of any such SAR or other pertinent information, the Government will disclose the SAR or the relevant information to Defendant.  *See id.*

The Court accepts the Government's representations and agreement and finds unpersuasive Defendant's arguments for why an order compelling production or requiring in camera review of all potentially related SARs should be entered in the circumstances present here, particularly where Defendant has been provided the information underlying any allegation of an improper financial transaction by Defendant in this case.  *See United States v. LaCost*, No. 10-CR-20001, 2011 WL 1542072, at *7-8 (C.D. Ill. Apr. 22, 2011). Defendant's Motion for Discovery is denied.

### III.    The Government's Motion in Limine

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted).  It "is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (internal quotation marks omitted).  A court's in-limine rulings are preliminary and "subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41 (1984).

The Court finds that references to or questions about the existence or nonexistence of SARs would, at most, elicit information of minimal probative value and, at worst,

---

[2] *See* Fed. R. Crim. P. 16; *Jencks v. United States*, 353 U.S. 657 (1957).

introduce into the trial suggestions of improper financial transactions that are made on the basis of uncorroborated reports of potential improprieties rather than specific admissible evidence.  The Court concludes that the probative value of any such evidence is outweighed by its prejudicial effect and, therefore, the evidence should not be admitted under Federal Rule of Evidence 403.  The Government's Motion in Limine is granted.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Discovery (Doc. No. 126) is DENIED, and the Government's Motion in Limine (Doc. No. 100) is GRANTED.

IT IS SO ORDERED this 8th day of December, 2024.

_____
CHARLES B. GOODWIN
United States District Judge