UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CR-23-192-G |
| | ) |
| JIU BING LIN, | ) |
|    a/k/a Jack Lin, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

Now before the Court is the Government's Motion in Limine to Preclude Reference to Potential Penalties (Doc. No. 47). Defendant Jiu Bing Lin has submitted a Response (Doc. No. 97).

    *I.*    *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). It "is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (internal quotation marks omitted). A court's in limine rulings are preliminary and "subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41 (1984).

    *II.*    *Discussion*

The Government seeks an in-limine ruling prohibiting Defendant from referencing or introducing evidence regarding the potential penalties he faces upon conviction. On

October 17, 2023, the Federal Grand Jury returned a ten-count Superseding Indictment against Defendant, charging him with drug conspiracy in violation of 21 U.S.C. § 846 (Count 1), money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count 2), four counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 3-6), and four counts of conducting monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957 (Counts 7-10).  *See* Superseding Indictment (Doc. No. 35). Defendant faces a term of imprisonment of no less than 10 years as to Count 1, a term of imprisonment of up to 20 years as to Counts 2-6, and a term of imprisonment of up to ten years as to Counts 7-10.  *See* 21 U.S.C. §§ 841(b)(1)(A), 846; 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i), 1957(b).

"A jury is obligated to reach its verdict without regard to what sentence might be imposed." *United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980) (internal quotation marks omitted); *see also* Tenth Cir. Crim. Pattern Jury Instr. 1.20 ("You should not discuss or consider the possible punishment in any way while deciding your verdict.").  "Unless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991), *overruled on other grounds by United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1995); *see also Greer*, 620 F.2d at 1385.  Here, the statutes in question do not require jury participation in determining punishment.  *See* 21 U.S.C. §§ 841(b)(1)(A), 846; 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i), 1957(b).  Accordingly, the Court finds it appropriate to grant the Government the requested relief.

In his Response, Defendant states that while he "has no intention of testifying or otherwise offering evidence related to the potential penalties he faces if convicted," he

2

should be "permitted to address the statutory penalties each cooperating witness faces in their own prosecutions and any agreements made with the Government that altered or potentially changed their sentencing guideline range." Def.'s Resp. at 2, 4. The Government has not indicated that it seeks to preclude Defendant from questioning cooperating witnesses on this issue. A plea deal between a cooperating witness and the Government is "undoubtedly fair game for cross-examination." *United States v. Mullins*, 613 F.3d 1273, 1283 (10th Cir. 2010). Accordingly, this in-limine ruling shall not be construed to prevent Defendant from questioning such a witness regarding the existence of a plea agreement with the Government and the penalties that witness received in his or her own prosecution. This ruling is, of course, preliminary and without prejudice to the Government objecting to questions eliciting information about particular aspects of a cooperating witness's plea agreement or plea negotiations. The Court will address any such specific objections as they arise during the course of the trial.

## CONCLUSION

As explained above, the Government's Motion in Limine to Preclude Reference to Potential Penalties (Doc. No. 47) is GRANTED. At trial, Defendant shall not, through evidence or argument, refer to the potential penalties he faces upon conviction.

IT IS SO ORDERED this 8th day of December, 2024.

_____
CHARLES B. GOODWIN
United States District Judge