# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-23-192-G |
| ) | |
| JIU BING LIN, ) | |
|    a/k/a Jack Lin, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is Defendant Jiu Bing Lin's Motion in Limine (Doc. No. 130), seeking an in-limine ruling precluding the Government from referencing or otherwise eliciting testimony or introducing evidence at trial concerning Defendant's (1) firearm ownership and the placement of firearms in his private residence and (2) prior criminal activity. The Government filed its Response to the Defendant's Motion on November 1, 2024 (Doc. No. 135). Defendant filed a Reply on November 18, 2024 (Doc. No. 143).

### I. Background

The federal grand jury returned a ten-count Superseding Indictment (Doc. No. 35) against Defendant on October 17, 2023. The charges stated in the Superseding Indictment are as follows: (1) Drug Conspiracy in violation of 21 U.S.C. § 846; (2) Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h); (3-6) Laundering of Monetary Instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (7-10) Monetary Transaction in Criminally Derived Property in violation of 18 U.S.C. § 1957.

On September 17, 2024, the Government filed its Notice of Intent to Introduce Evidence as Res Gestae and Evidence Pursuant to Rule 404(b) (Doc. No. 93). The Notice

identifies six categories of evidence that the Government intends to introduce at trial. In its Notice, the Government argues that each category of evidence is admissible, either under Rule 404(b), as res gestae evidence, or both. Defendant subsequently filed the instant Motion in Limine.

## II.  Applicable Law

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). It "is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (internal quotation marks omitted). A court's in-limine rulings are preliminary and "subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41 (1984).

## III.  Discussion

The Court discusses the proffered evidence in turn.

### A. Defendant's Gun Ownership

Defendant contends that evidence concerning his personal gun ownership is irrelevant to the charges in this case and is unduly prejudicial. Specifically, Defendant argues that the Superseding Indictment does not allege that he was using his firearms in furtherance of the alleged marijuana trafficking and that any such use lacks probative value as to the crimes charged. With respect to the prejudicial value of the evidence, Defendant argues that there is a significant danger that the jury will consider the legally owned guns as indicative of drug trafficking.

The Government argues in its Response that the facts reflecting the placement of firearms throughout Defendant's residence are admissible under Federal Rules of Evidence 401, 403, and 404(b). Specifically, the Government represents that such evidence falls squarely within the category of items recognized by the Tenth Circuit as "tools of the trade"—i.e., "means for the distribution of illegal drugs." *United States v. Hall*, 473 F.3d 1295, 1304 (10th Cir. 2007) (internal quotation marks omitted).[1] The Government further argues that Defendant fails to acknowledge that the Government intends to introduce not merely evidence of Defendant's *ownership* of guns, but also Defendant's possession of them in connection with his drug trafficking and his strategic placement of the guns, as stated in the Government's Notice.

Federal Rule of Evidence 404(b) prohibits the admission of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* R. 404(b)(2). The following factors must be satisfied for evidence of other crimes, wrongs, or acts to be admissible under Rule 404(b):

> (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential

---

[1] The Tenth Circuit has found that firearms "are generally viewed as" tools of the drug trade. *Hall*, 473 F.3d at 1295; *see also United States v. Jeffrey*, 128 F. App'x 680, 699 (10th Cir. 2005) ("[T]he use of firearms is probative of the accused's participation in the [drug distribution] business."); *United States v. Martinez*, 938 F.2d 1078, 1083 (10th Cir. 1991) ("[Such items] have been held to be probative of an accused's . . . participation in the charged distribution offenses.").

>   for unfair prejudice under Rule 403; and (4) the court must give a proper limiting instruction, if it is requested by the defendant.

*United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007) (*citing Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

Upon review of the record, the Court finds that the firearms evidence is proper "tools of the trade" evidence and that its admission has not been shown to be improper under the Federal Rules of Evidence. *Cf. United States v. Ojimba*, No. CR-17-246-D, 2019 WL 3771752, at *2 (W.D. Okla. Aug. 9, 2019) ("In order to exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." (internal quotation marks omitted)). In its Rule 404(b) notice, the Government represents that it intends to introduce, in relevant part: "Evidence relating to [Defendant's] possession of multiple firearms *in connection* with his drug trafficking, and his *strategic placement of those firearms* in his personal residence during the time of the charged conspiracy." Gov't's Notice at 1 (emphasis added). Based upon the facts as presented, the combination of recovered firearms and other tools of the trade evidence the Government represents to have recovered from Defendant's residence is sufficiently probative of the charged conduct to preliminarily warrant admission under Rule 404(b). *See Hall*, 473 F.3d at 1304 ("Some items like firearms, large sums of cash, weighing scales, and uncharged quantities of illegal drugs are generally viewed as tools of the trade . . . ." (internal quotation marks omitted)). While the evidence is likely unfavorable to Defendant, it has not been shown to be unfairly prejudicial under Rule 403. *See generally Old Chief v. United States,* 519 U.S. 172, 180-84 (1997).

### B. *Defendant's Prior Crimes*

Defendant also argues that the testimony that the Government seeks to introduce from witnesses Liang Wu and Yuan Yuan Luo regarding Defendant's prior criminal activity would improperly demonstrate a propensity of Defendant to engage in similar conduct and does not meet the foundational requirements of Rule 404(b). The Government contends that the evidence of Defendant's past drug trafficking and money laundering is indicative of his plan and knowledge of the crimes charged in the instant case. Additionally, the Government argues that the unfair prejudice from this evidence does not substantially outweigh the probative value of the evidence.

It is well established that "prior narcotics involvement is relevant when that conduct is close in time, highly probative, and similar to the activity with which the defendant is charged." *United States v. Watson*, 766 F.3d 1219, 1239 (10th Cir. 2014) (internal quotation marks omitted); *see also United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000) ("The more similar the act or state of mind is to the charged crime, the more relevant it becomes.").

"[P]ast drug-related activity is admissible other-acts evidence under Rule 404(b) to prove, *inter alia*, that the defendant had the knowledge or intent necessary to commit the crimes charged." *Watson*, 766 F.3d at 1237; *see also United States v. Brooks*, 736 F.3d 921, 939 (10th Cir. 2013). The Government adequately shows that it intends to use Defendant's prior criminal activity for this permissible purpose. *See* Gov't's Resp. at 9-10. Finally, while the evidence is prejudicial, the extent of such prejudice does not weigh in favor of exclusion under Rule 403. *See United States v. Smith*, 534 F.3d 1211, 1218

5

(10th Cir. 2008) ("Rule 403 does not protect a party from all prejudice, only unfair prejudice." (internal quotation marks omitted)).

Defendant requests a limiting instruction as to the admission of evidence relating to both his ownership of firearms and prior criminal activity. The Court grants this request and finds that an appropriate limiting instruction will sufficiently address Defendant's concern of the prejudicial impact of the cited evidence.

## CONCLUSION

For the reasons above, Defendant's Motion in Limine (Doc. No. 130) is DENIED, without prejudice to Defendant raising specific objections as appropriate.

IT IS SO ORDERED this 8th day of December, 2024.

_____
CHARLES B. GOODWIN
United States District Judge