UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CR-23-192-G |
| | ) |
| JIU BING LIN, | ) |
|    a/k/a Jack Lin, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

Now before the Court is the Government's Motion in Limine (Doc. No. 46), seeking an in-limine ruling from the Court prohibiting Defendant from referencing or introducing evidence regarding the Government's charging decisions as to others who may have conspired with Defendant. Defendant has submitted a Response (Doc. No. 125).

*I.    Background*

The Government alleges that Defendant, a then-resident of North Carolina, procured fraudulent residency documents stating he was an Oklahoma resident, used those fraudulent documents to obtain an Oklahoma driver's license, and submitted that driver's license in support of his application to the Oklahoma Medical Marijuana Authority for a medical marijuana manufacturer's license.[1] Further, the Government represents that Defendant then used his medical marijuana farms to sell his marijuana on the "black market," that is, to persons or entities not authorized by Oklahoma law to buy Defendant's

---

[1] The Government represents that under Oklahoma law, applicants for a medical marijuana manufacturer's license in Oklahoma must demonstrate Oklahoma residency.

marijuana. The Government believes that Defendant may attempt to introduce evidence, likely through the examination of law enforcement witnesses, about whether the individuals who helped Defendant procure his fraudulent residency documents and medical manufacturer's license have been criminally charged. The Government argues that whether charges have been brought against others is irrelevant to Defendant's guilt or innocence as to the charged offenses in this case.

In his Response, Defendant states that the instant charges against him are premised almost entirely on the statements of coconspirators, some of whom the Government intends to call as witnesses at Defendant's trial. Further, Defendant argues that the Government's request lacks the requisite specificity, but to the extent he can guess the evidence the Government seeks to exclude, such evidence should not be excluded because it is crucial to the issue of Defendant's knowledge of illegal activity and is necessary to impeach witness credibility.

II.    *Discussion*

Evidence that a coconspirator has been charged or convicted of conspiring with a criminal defendant is generally inadmissible "as substantive evidence of a defendant's guilt." *United States v. Nickl*, 427 F.3d 1286, 1294 n.2 (10th Cir. 2005). Such evidence may be properly introduced "to aid the jury in its assessment of the . . . coconspirator's credibility," however. *Id.*; s*ee also* Fed. R. Evid. 609(a). In allowing admission of evidence that a coconspirator has been convicted of conspiring with the defendant, the court must instruct the jury that it may not consider the coconspirator's prior conspiracy conviction as evidence of the defendant's guilt. *See United States v. Baez*, 703 F.2d 453, 455 (10th Cir. 1983).

Upon review of the relevant record, the Court finds that the subject of the charges brought or not brought against alleged coconspirators is potentially relevant, both for a substantive, inadmissible purpose (Defendant's knowledge) and for an admissible purpose (impeachment). This ruling is not definitive, however, and its application will depend on the specific questions or evidence sought to be presented. "In order to exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *United States v. Ojimba*, No. CR-17-246-D, 2019 WL 3771752, at *2 (W.D. Okla. Aug. 9, 2019) (internal quotation marks omitted). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* (internal quotation marks omitted). At trial, prior to asking questions or introducing evidence related to this subject, the parties should ask the Court (outside the presence of the jury) for leave to do so.[2]

## CONCLUSION

For the reasons above, the Government's Motion in Limine (Doc. No. 46) is DENIED, without prejudice to the Government raising specific objections as appropriate.

---

[2] The Government additionally argues that allowing the coconspirator evidence would undermine the message conveyed by the Tenth Circuit Criminal Pattern Jury Instruction No. 1.19. *See* Gov't's Mot. at 4-5. This Instruction states:

> You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.
>
> It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person *also* may be guilty is no defense to a criminal charge.

Tenth Cir. Crim. Pattern Jury Instr. No. 1.19. The "Use Note" for the Instruction expressly recognizes, however, that in conspiracy cases "the evidence necessarily raises the question of the guilt of others," such that modification of the Instruction "will be necessary." *Id.*

3

IT IS SO ORDERED this 8th day of December, 2024.

                                                                         CHARLES B. GOODWIN
                                                                         United States District Judge