# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CR-23-192-G |
| JIU BING LIN, <br> a/k/a Jack Lin, | ) |
| Defendant. | ) |

## ORDER

Now before the Court is the Government's Motion in Limine (Doc. No. 48), seeking to prohibit Defendant from raising a defense related to compliance with state law, arguing mistake of law, or inviting jury nullification. Defendant filed a combined Response to the Government's Motion and Counter-Motion in Limine Regarding State-Law Compliance (Doc. No. 131). The Government submitted a Response to Defendant's Counter-Motion in Limine (Doc. No. 142). Defendant filed a Supplement (Doc. No. 153).[1]

### I.   Background

The federal grand jury returned a ten-count Superseding Indictment (Doc. No. 35) against Defendant on October 17, 2023. The charges stated in the Superseding Indictment are as follows: (1) Drug Conspiracy in violation of 21 U.S.C. § 846; (2) Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h); (3-6) Laundering of Monetary Instruments

---

[1] Defendant's Supplement correctly notes that it was filed untimely and without leave of Court. *See* Def.'s Suppl. at 1 n.1; LCrR 12.1. The Court nevertheless considers the submission as though properly filed.

in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (7-10) Monetary Transaction in Criminally Derived Property in violation of 18 U.S.C. § 1957.

On December 4, 2024, the Court held a pretrial conference in this case. During the status conference, the Court heard arguments on the pending motions.

II.     *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). It "is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (internal quotation marks omitted). A court's in limine rulings are preliminary and "subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41 (1984).

III.    *Discussion*

> A. *Whether Evidence of Compliance with State Law May Be Presented by Defendant in Support of a General or Affirmative Defense to § 841(a)*

The Government asks that the Court preclude Defendant from presenting evidence to the jury regarding Defendant's purported compliance with state law, arguing that such evidence is not relevant to the charge in Count 1 of the Superseding Indictment that Defendant conspired to violate 21 U.S.C. § 841(a)—the federal statute that prohibits the distribution of certain controlled dangerous substances, including marijuana—or any other charge in the Superseding Indictment. In support of this request, the Government represents that its theory of illegal marijuana distribution for Count 1 relies solely on

2

federal law.[2] Defendant contends that the fact that Oklahoma law permits the cultivation, processing, and intrastate distribution of marijuana for medical purposes creates specific defenses to federal marijuana laws. Defendant further argues that evidence of his compliance with state law is relevant even if no general or affirmative defense is implicated.

Defendant first argues that the federal government's policy of not prosecuting federal marijuana distribution crimes when the distributor was acting in compliance with state law has been effectively codified by statute, and that this change in federal law creates a defense to § 841(a). Section 538 of the 2015 Appropriations Act ("the 2015 Act") prohibits the Department of Justice from spending congressionally appropriated funds in a manner that "prevent[s]" a state such as Oklahoma from "implementing [its] own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana." *See* Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235, § 538, 128 Stat. 2130, 2217 (2014). In essence, Defendant argues that because the Government is prohibited by the 2015 Act from expending funds to prosecute a defendant who complied with a state's marijuana laws, the Government must prove a violation of the state marijuana law to establish a violation of § 841(a) or other applicable federal marijuana laws.

---

[2] As discussed below, the Superseding Indictment contains the allegation that the manner and means of the drug conspiracy charged in Count 1 included that marijuana farms overseen by Defendant "operated on the black market, outside of Oklahoma's regulatory framework for the cultivation and sale of medical marijuana." Superseding Indictment at 2. The Court addresses below the impact of the tension between the Government's theory and this allegation of violation of state law.

The Court disagrees. It is a violation of federal law to possess, distribute, or manufacture marijuana for any purpose, including medical or recreational purposes. *United States v. McIntosh*, 833 F.3d 1163, 1179 n.5 (9th Cir. 2016); *see United States v. Trevino*, 7 F.4th 414, 419 (6th Cir. 2021) ("State law aside, marijuana remains illegal under federal law."); 21 U.S.C. §§ 841(a)(1), 856(a)(2). The 2015 Act did not rescind these federal marijuana laws or alter the language of any particular federal marijuana law. *See Green Sol. Retail, Inc. v. United States*, 855 F.3d 1111, 1114 (10th Cir. 2017). Rather, the 2015 Act limits the circumstances in which the Department of Justice may properly expend funds to enforce § 841(a) and other federal laws. *See id.* (explaining that the 2015 Act "defund[s] the Justice Department's prosecution of the exchange of medical marijuana where it is legal under state law"). Thus, while the 2015 Act effectively precludes certain § 841(a) prosecutions, the fact that a condition must be satisfied for a prosecution to go forward does not alter the basic elements or defenses of the charge presented. Here, the Government has chosen to prosecute Defendant for conspiring to violate § 841(a) and represents to the Court that Defendant's actions in violation of Oklahoma law permit it to do so. Therefore, the Court proceeds on the basis of federal marijuana laws as they exist.

Defendant further argues that compliance with state law modifies the necessary mens rea that the Government must prove to the jury to convict him for conspiring to violate § 841(a). Specifically, Defendant argues that as a result of the 2015 Act, the Government must show that Defendant knowingly and intentionally distributed marijuana outside of Oklahoma's framework for the lawful cultivation, processing, and distribution of medical marijuana. For the same reasons as discussed above, the Court finds that the 2015 Act does not alter the language or requirements of § 841(a) or § 846. That statutory

4

knowledge requirement may be met in several ways, none of which would be defeated by compliance with state law or ignorance of federal law. *See McFadden v. United States*, 576 U.S. 186, 191-92 (2015). And, to the extent that state-law compliance is relevant to ascertaining Defendant's intent, the probative value of Defendant's state-law compliance risks causing confusion to the jury. *See* Fed. R. Evid. 403.[3]

### *B. Whether Evidence of Compliance with State Law May Be Presented by Defendant in Support of a Mistake of Law or Mistake of Fact Defense*

The Government also seeks an in-limine ruling prohibiting Defendant from arguing mistake of law regarding his marijuana-related activities. Defendant argues in his Response that the "mistake of fact" defense is not barred by any applicable law. The Government replies that Defendant is not actually asserting a mistake of fact and that the only relevant law here is federal law.

The Court agrees that any belief by Defendant that he was complying with federal law because he was complying with state law is not a viable defense to the charge of conspiring to violate § 841(a) or any other charge at issue here. As a general rule, "ignorance of the law or a mistake of law is no defense to criminal prosecution." *Cheek v. United States*, 498 U.S. 192, 199 (1991); *see also United States v. Allen*, 983 F.3d 463, 469 (10th Cir. 2020); *United States v. Cox*, 906 F.3d 1170, 1190 (10th Cir. 2018). Other appellate courts have addressed this question in the context of marijuana offenses, holding that this general rule applies regardless of state marijuana laws. *See, e.g.*, *Trevino*, 7 F.4th at 423 (holding that a defendant in marijuana prosecution was not entitled "to present the

---

[3] Defendant also argues that "[t]he Government's proposed application of" § 841(a) "violates the cornerstone elements of the void-for-vagueness doctrine." Def.'s Resp. (Doc. No. 131) at 23. Consistent with the reasons set forth above, the Court disagrees.

jury with evidence that he believed his actions were legal"); *United States v. Morales*, 680 F. App'x 548, 551 (9th Cir. 2017) ("[N]either medical necessity nor mistake of law constitutes a defense to federal drug charges.").

### C. Whether Evidence of Compliance with State Law Is Otherwise Relevant to Determination of the Charges Against Defendant

Defendant argues that the Government is bound to the terms of the Superseding Indictment as filed against him, which references violations of Oklahoma state law, and thus Defendant should be permitted to present evidence that he did not violate state law. Defendant is correct that the Superseding Indictment contains allegations that Defendant violated state law. For example, as previously mentioned, the "Manner and Means" allegations for the drug conspiracy charged in Count 1 include the accusation that marijuana farms overseen by Defendant "operated on the black market, outside of Oklahoma's regulatory framework for the cultivation and sale of medical marijuana." Superseding Indictment at 2.

Defendant argues that, as a result of these express allegations, permitting him to be tried on Count 1 without the Government being required to prove a violation of state marijuana law would constitute an impermissible constructive amendment of the Superseding Indictment. "It is a fundamental precept of federal constitutional law that a court cannot permit a defendant to be tried on charges that are not made in the indictment." *United States v. Koerber*, 10 F.4th 1083, 1115 (10th. Cir. 2021) (internal quotation marks omitted). The Government argues that the "Manner and Means" section of Count 1 of the Superseding Indictment, and other references to violations of Oklahoma law therein, are not essential to the charges in dispute.

6

Here, the Court agrees with the Government that no constructive amendment will occur if the charges presented are confined to the alleged violations of federal law.

> In assessing a claim of an impermissible constructive amendment, our ultimate inquiry is whether the crime for which the defendant was convicted at trial was charged in the indictment; to decide that question, we therefore compare the indictment with the district court proceedings to discern if those proceedings broadened the possible bases for conviction beyond those found in the operative charging document.

*United States v. Miller*, 891 F.3d 1220, 1231-32 (10th Cir. 2018) (internal quotation marks omitted). The key inquiry is whether the jury charge will broaden the possible bases for conviction. If the jury charge will only narrow the indictment, no constructive amendment has occurred. *United States v. Quintanilla*, 114 F.4th 453, 466 (5th Cir. 2024). The Court finds that the "Manner and Means" allegations in Count 1 of the Superseding Indictment include multiple theories for how the § 846 drug conspiracy charged in Count 1 was committed, and do not themselves define the charge to be tried by the jury. Likewise, the allegations of violations of state law in the remaining counts are extraneous to each count's charge of a violation of federal law.

That said, at the December 4, 2024 pretrial conference, the Government's counsel stated that the Government—despite maintaining that noncompliance with Oklahoma's marijuana laws is not an essential part of any of the charged violations of federal law at issue here—intended to refer to and present evidence that Defendant had in fact violated Oklahoma marijuana laws. The Government, in effect, asks the Court to permit as part of its case-in-chief evidence of Defendant's noncompliance with Oklahoma law, while at the same time precluding Defendant from presenting contrary evidence. To the extent that the

7

Government provides evidence at trial as to whether Defendant complied with Oklahoma law, Defendant is permitted to do so as well.

The Government's request to preclude Defendant from referring to compliance with state law therefore is denied in part and granted in part. *See United States v. Ojimba*, No. CR-17-246-D, 2019 WL 3771752, at *2 (W.D. Okla. Aug. 9, 2019) ("In order to exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." (internal quotation marks omitted)). In no event may Defendant argue or present evidence of compliance with Oklahoma marijuana laws as a general or affirmative defense to the federal charges at issue. *See United States v. Weng*, No. CR-23-237-SLP (W.D. Okla. Jan. 8, 2024) (order) (preliminarily granting the government's motion in limine to preclude evidence of the defendant's compliance with state marijuana law because "any evidence of compliance with state law is not relevant and introduction of the same would cause undue confusion to the jury under Rule 403 of the Federal Rules of Evidence"). However, if the Government asserts or presents evidence that Defendant violated Oklahoma marijuana law, Defendant may present evidence that he did not do so.[4]

### D. Jury Nullification

The Government seeks a ruling precluding Defendant from inviting jury nullification. Defendant does not dispute that arguments for jury nullification are

---

[4] In his Counter-Motion, Defendant also seeks an in-limine ruling barring the Government from arguing or eliciting testimony that Defendant's involvement with legalized marijuana is a per se violation of federal law. Defendant's request is granted to the following limited extent: the Government may not argue or present evidence that compliance with Oklahoma marijuana laws is a per se violation of federal law, but the Government may still argue and present evidence that Defendant's actions (regardless of any compliance or noncompliance with Oklahoma law) violated the federal laws underlying the charges at issue.

prohibited but argues that he should be permitted to present evidence of government-issued materials concerning potential regulations or shifting policy decisions regarding the control of marijuana. In its Response, the Government argues that such evidence still invites jury nullification and is irrelevant.

Jury nullification "is the *de facto* ability of the jury to refuse to apply the law as instructed by the court, choosing instead 'to acquit out of compassion or compromise or because of the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity.'" *United States v. Scarmazzo*, 554 F. Supp. 2d 1102, 1108 (E.D. Cal. 2008) (quoting *Standefer v. United States*, 447 U.S. 10, 22 (1980)). "[T]here is no right to jury nullification." *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999); *see also Scarmazzo*, 554 F. Supp. 2d at 1105, 1108 (excluding evidence of reliance on or compliance with state law, medicinal use of marijuana, and evidence or argument aimed toward jury nullification). Accordingly, in no event may Defendant argue or present evidence of compliance with Oklahoma marijuana laws in an attempt to encourage jury nullification. As to the specific evidence that Defendant seeks to introduce, the Court finds that such evidence lacks probative value as to the issues in this case and is therefore inadmissible. *See* Fed. R. Evid. 401, 402.

## CONCLUSION

For the reasons above, the Government's Motion in Limine (Doc. No. 48) is GRANTED IN PART and DENIED IN PART as to issues regarding state law, without prejudice to the Government raising specific objections as appropriate. The Motion in Limine is GRANTED as to the issues of "mistake of law" and "jury nullification."

IT IS SO ORDERED this 9th day of December, 2024.

_____
CHARLES B. GOODWIN
United States District Judge