UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-23-192-G |
| | ) |
| JIU BING LIN, | ) |
| a/k/a Jack Lin, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court are Defendant Jiu Bing Lin's Motion to Exclude Testimony and Opinions by Law Enforcement Officers (Doc. No. 109) and Motion to Exclude Expert Opinion of Ramon Amador (Doc. No. 155). In the first Motion, Defendant challenges the admissibility of the proposed expert opinion testimony of Drug Enforcement Agency ("DEA") Agent Sean Lively and Oklahoma Bureau of Narcotics ("OBN") Agent David Jehle. In the second Motion, Defendant challenges the admissibility of the proposed expert opinion testimony of DEA Agent Ramon Amador. On November 22, 2024, the Court conducted an evidentiary hearing and heard testimony from Agent Lively, Agent Jehle, and Agent Amador.

### I.  Background

The federal grand jury returned a ten-count Superseding Indictment (Doc. No. 35) against Defendant on October 17, 2023. The charges stated in the Superseding Indictment are as follows: (1) Drug Conspiracy in violation of 21 U.S.C. § 846; (2) Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h); (3-6) Laundering of Monetary Instruments

in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (7-10) Monetary Transaction in Criminally Derived Property in violation of 18 U.S.C. § 1957.

II.     *Relevant Standards*

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony at trial and imposes on the trial court a gatekeeper function to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *see* Fed. R. Evid. 702. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. The focus of a Rule 702 inquiry "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.

In applying Rule 702, the Court therefore must first determine whether the challenged witness "is qualified . . . by knowledge, skill, experience, training, or education." Fed. R. Evid. 702; *see Taber v. Allied Waste Sys., Inc.*, 642 F. App'x 801, 806-07 (10th Cir. 2016); *see also* Fed. R. Evid. 104(a). If so, the Court "must then consider," in accordance with its "gatekeeping" function under Rule 702 and *Daubert*, "whether the expert's opinion is both relevant and reliable." *Taber*, 642 F. App'x at 807 (citing *Daubert*, 509 U.S. at 589). The Court "has wide latitude in deciding whether to exclude expert

2

testimony" pursuant to Rule 702 and *Daubert*. *Schulenberg v. BNSF Ry. Co.*, 911 F.3d 1276, 1282 (10th Cir. 2018) (internal quotation marks omitted).[1]

The proponent of the testimony bears the "burden of demonstrating the admissibility of expert testimony, tested against the standards of *Daubert* and Rule 702." *Richardson v. Watco Cos.*, No. CIV-10-47-HE, 2011 WL 12842517, at *2 (W.D. Okla. Apr. 29, 2011) (citing *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009)); *see also* Fed. R. Evid. 702 advisory committee's note to 2023 amendment ("[T]he rule . . . emphasize[s] that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule."). A proponent who is "placed on notice" by a motion to exclude expert testimony is "obliged to marshal [its] FRE 702 arguments that would support admission of [that expert's] testimony." *Nacchio*, 555 F.3d at 1253.

### III. Discussion

At the November 22, 2024 hearing, Agent Lively testified regarding the opinions he would sponsor at trial, including the following: (1) thousands of individuals have moved to Oklahoma to establish marijuana farms, most of which operate on the black market despite having proper state licenses; (2) criminals launder money through the use of cashier's checks and by placing real estate in the name of third parties; (3) drug traffickers engage in particular practices, such as the use of money counters to count large amounts of

---

[1] The *Daubert* factors are not a "definitive checklist or test"; rather, they form the basis for a flexible inquiry into the overall reliability of a proffered expert's testimony, as to which courts have "broad discretion" in determining admissibility. *Daubert*, 509 U.S. at 593; *Taylor v. Cooper Tire & Rubber Co.*, 130 F.3d 1395, 1397 (10th Cir. 1997).

3

drug proceeds and the use of firearms to protect both their drugs and drug proceeds; and (4) a business's failure to file a Form 8300 may be the result of the business's attempt to avoid drawing attention to the origin of a large amount of currency it has just received. Agent Lively described his training and experience that form the bases for these opinions, including his experience with the DEA, the OBN, and the Oklahoma Medical Marijuana Authority and his involvement in investigations of drug trafficking.

Agent Jehle testified regarding the opinions he would sponsor at trial, including practices at Oklahoma marijuana farms that indicate black-market intrastate and interstate sales of marijuana grown on the farm. Agent Jehle described his training and experience that form the bases for these opinions, including his experience with the OBN, the Oklahoma City Police Department, and the Association of Oklahoma Narcotics Enforcers.

Agent Amador testified regarding the opinions he would sponsor at trial, including the following: (1) money laundering occurred through two of Defendant's bank accounts; and (2) the use of these accounts and the flow of money through the accounts indicate Defendant was attempting to conceal the nature of monetary transactions. Mr. Amador described his training and experience that form the bases for these opinions, including his experience as a financial investigator with the DEA.[2]

---

[2] Pointing to the amended notice of Agent Amador's expert opinion testimony filed by the Government on November 19, 2024 (Doc. No. 148), Defendant argues that such testimony should be excluded as untimely under Federal Rule of Criminal Procedure 16. The Court agrees that the notice was filed after the date specified in the Scheduling Order. The Tenth Circuit has held that, in evaluating an appropriate sanction for a Rule 16 violation, the district court should consider "(1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance." *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988). The Court

The Court finds that each of these three persons is sufficiently qualified to provide expert opinion testimony in this case. Considering the testimony provided by the Government's experts, the Court also finds that the opinions are sufficiently reliable to be presented at trial. As is the case in the instant matter, where the proposed testimony does not "rest[] upon scientific foundations," the court may determine that "the relevant reliability concerns [should] focus upon personal knowledge or experience." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150, 152 (1999) ("A trial court should consider the specific factors identified in *Daubert* where they are reasonable measures of the reliability of expert testimony."). Each of the three experts bases his opinions upon his personal knowledge and experience with the subjects about which he intends to testify. The criticisms Defendant makes as to the reliability of particular opinions may be properly addressed through cross-examination and do not require exclusion under Rule 702.

IV.   *Exclusion Under Rule 403*

Defendant additionally argues that the proposed testimony should be excluded under Rule 403 of the Federal Rules of Evidence because "[w]hen a fact witness also functions as an expert for the government, the government confers upon him 'the aura of special reliability and trustworthiness' surrounding expert testimony," which "creates a risk of prejudice." Def.'s Mot. (Doc. No. 109) at 18-19 (alteration omitted) (quoting *United States v. Green*, 548 F.2d 1261, 1268 (6th Cir. 1977)).

---

declines to disallow Agent Amador from testifying. Defendant suffered little or no prejudice resulting from the Government's delay, as the notice was submitted and the evidentiary hearing conducted both well in advance of the December 9, 2024 trial date.

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Exclusion of relevant evidence under Rule 403 "is an extraordinary remedy and should be used sparingly." *Joseph v. Terminix Int'l Co.*, 17 F.3d 1282, 1284 (10th Cir. 1994). "Evidence is not unfairly prejudicial simply because it is damaging to an opponent's case. To be unfairly prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (emphasis, citation, and internal quotation marks omitted).

On the present record, the Court does not find that any of the proposed opinions of the three experts who testified at the November 22, 2024 hearing should be preliminarily excluded on Rule 403 grounds. Defendant may, of course, object to specific testimony at trial as irrelevant or unduly prejudicial.

## CONCLUSION

As outlined herein, Defendant's Motion to Exclude Testimony and Opinions by Law Enforcement Officers (Doc. No. 109) and Motion to Exclude Expert Opinion of Ramon Amador (Doc. No. 155) are DENIED.

IT IS SO ORDERED this 9th day of December, 2024.

_____
CHARLES B. GOODWIN
United States District Judge